IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


GARFIELD DAVIS,

                              Petitioner,

          v.                                    CASE NO.07-3094-SAC

LEROY GREEN, et al.,

                              Respondents.


                          O R D E R

     This matter is before the court on a petition for writ of
habeas corpus under 28 U.S.C. § 2254, filed by a prisoner while
confined in the Wyandotte County Detention Center in Kansas City,
Kansas.  Petitioner proceeds pro se and has paid the $5.00 district
court filing fee.

     Petitioner appears to be seeking release from confinement he
claims is unlawful.  He cites his arrest on March 29, 2007, and a
thirty day sentence imposed on April 4, 2007.  He broadly claims all
proceedings leading to his confinement pursuant to that conviction
and sentence are illegal under Kansas law, and based solely on his
race.

     The record includes petitioner's May 2007 notice to the court
of his release from the Wyandotte facility.  The record also
contains copies of attorney correspondence to petitioner which
indicate that a notice of appeal was filed from the state district
court's orders on January 31, 2007 and April 4, 2007, that appointed

counsel will not be able to represent petitioner on appeal, that the district court's appointment of appellate counsel was not likely because this was a misdemeanor conviction, and that petitioner bore the responsibility of docketing his appeal within twenty days in the state appellate court.  There is nothing in the record to suggest that petitioner did so.

Although petitioner's specific request for release from the county facility now appears moot, his petition for habeas corpus relief is not moot if petitioner is able to demonstrate "collateral consequences adequate to meet Article III's injury-in-fact requirement."  Spencer v. Kemna, 523 U.S. 1, 14 (1998).  Even if such a showing could be assumed, the court nonetheless finds the petition should be dismissed without prejudice based on petitioner's failure to exhaust state court remedies.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court is not to be granted unless it appears the applicant has exhausted state court remedies, or that such remedies are unavailable or ineffective under the circumstances.  28 U.S.C. § 2254(b)(1).  "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

In the present case, petitioner's bare reference to the fact that he would have to proceed in his appeal without appointed

2

counsel is insufficient to establish that circumstances rendered state remedies unavailable or ineffective for review of his claims.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 7th day of May 2008 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge